CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 19 2006

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Case No. 7:94cr00133 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ADRIAN M. HUDGINS ) | By: Samuel G. Wilson |
| ) | United States District Judge |

This is a motion by defendant, Adrian M. Hudgins, for the court to vacate an amended judgment of conviction entered pursuant to 18 U.S.C. § 3582(c)(2) applying a beneficial retroactive guideline amendment. The court construes Hudgins' motion as a motion to reopen the time for filing an appeal and denies it.

**I.**

In February 1995, a jury found Hudgins guilty of conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846, two counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1), two counts of using or carrying a firearm in relation to a drug offense in violation of 18 U.S.C. § 924(c), and three counts of possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). In May 1995, the court sentenced Hudgins to 46 months on each count, except the § 924(c) counts which were subject to mandatory consecutive terms of 60 months for the first § 924(c) and 240 months for the second. The court ran the § 924(c) terms consecutively to each other and to the other counts, as required, and ran the other counts concurrently with each other, resulting in a total sentence of 346 months. Hudgins appealed his convictions, but not the court's sentencing determinations, and the Court of Appeals affirmed in 1997. United States v. Hudgins, 120 F.3d 483 (4th Cir. 1997).

In February 2003, Hudgins filed a motion pursuant to § 3582(c)(2) to modify his sentence based on a retroactive amendment to the guidelines. Amendment 599, promulgated by the sentencing commission, effective November 1, 2000, prohibits the sentencing court from enhancing a § 922(g)(1)–felon in possession–sentence "based on conduct that also resulted in a § 924(c) conviction." United States v. Goines, 357 F.3d 469, 473 (4th Cir. 2004).[1] When the court sentenced Hudgins in 1995, it enhanced his felon in possession sentence because Hudgins had used firearms in connection with Hudgins' § 924(c) offenses. On Hudgins' motion the court applied Amendment 599 retroactively, thereby removing the enhancement, reducing Hudgins' guideline sentence from 46 months to 30 months, for a total sentence of 330 months, instead of the 346 months the court initially imposed.[2]

On December 20, 2005, Hudgins filed his current "motion to vacate and reimpose

---

[1] Hudgins mistakenly refers to Amendment 9, rather than the relevant amendment, Amendment 599. The Sentencing Commission promulgated Amendment 9 well before the court sentenced Hudgins in 1995. It has no relevance to the substance of Hudgins' motion.

[2] Hudgins' presentence report had calculated under the grouping rules Hudgins' base offense level for the § 922 (g)(1) offenses. Pursuant to the pertinent guideline, U.S.C.G. § 2K 2.1(a)(6), the base offense level for a "prohibited person" is 14. The presentence report, then added four levels pursuant to U.S.C.G. § 2K 2.1(b)(5) because Hudgins had used the firearm in connection with another offense, and the report decreased it by two levels pursuant to U.S.C.G. § 3E1.1 for acceptance of responsibility. This resulted in a total offense level of 16, which together with the a criminal history category of VI, resulted in a guideline range for the grouped offenses of 46 to 57 months, and the court imposed the lower end of that range—46 months for those offenses. However, following Hudgins' motion to modify his sentence, the court on October 27, 2003, applied Amendment 599 through an amended judgment order, which calculated Hudgins' total offense level without the four level enhancement the court had imposed earlier for use of the firearm in connection with the § 924(c) offenses. The amended guideline range for the grouped offenses became 30 to 37 months, and the court imposed the lower end of that range–30 months. As required by statute, the court then ran Hudgins' § 924 (c) sentences consecutively for a total sentence of 330 months, rather than the 346 months the court imposed in 1995.

2

judgment." Hudgins claims that, in connection with other litigation, he recently learned of this court's October 27, 2003, amended judgment order. He claims he was never notified of the order. He is requesting the court "to vacate and reimpose the judgment... to allow him the opportunity to file a timely notice of appeal."

## II.

Under FRAP 4, a defendant's Notice of Appeal in a criminal case must be filed within 10 days of the latter of (i) the judgment or the order being appealed; or (ii) the filing of the government's Notice of Appeal. FRAP 4(b)(1). Upon a finding of excusable neglect or good cause, the district court is permitted to extend the time to appeal only an additional 30 days, FRAP 4(b)(4), and even "the clerk's failure to give notice does not affect the time to appeal, or relieve–or authorize the court to relieve–a party's failure to appeal within the allowed time." FRCP 49 (c). With the requirements of FRAP 4(b) and FRCP 49(c) in mind, the Fourth Circuit has held that a district court is "not permitted to republish its order in a criminal case so as to authorize [a defendant] to effect a timely appeal." United States v. Little, 392 F.3d 671, 682 (4th Cir. 2004). An amended judgment of conviction ruling on a § 3582(c)(2) motion is an order in a criminal case. See United States v. Fair, 326 F.3d 1317 (11th Cir. 2003). Because the court entered Hudgins' amended judgment of conviction in October 2003, the time to appeal or to extend that time has long since expired. Therefore, this court is not permitted to grant the relief Hudgins requests.

The court notes, however, that Hudgins was not prejudiced by the court's ruling on his § 3582 motion. " [A] sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing." United States v. Bravo, 203 F. 3d 778, 781 (11th Cir. 2000).

3

"[A]ll original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." Id. Therefore, Hudgins could have appealed *only* the court's failure to properly apply Amendment 599. Here, the court applied Amendment 599 retroactively, and as beneficially as permitted, thereby eliminating the § 922(g)(1) guideline enhancement for using the firearm in connection with the § 924(c) offenses. It follows that Hudgins has not been prejudiced.

### III.

For the foregoing reasons, Hudgins' motion to reopen the time for filing an appeal is **DENIED**.

**ENTER**: This January 19, 2006.

_____
UNITED STATES DISTRICT JUDGE

4